UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHA RASHID MSHIHIRI,

    Petitioner,                         Case No. 2:23-CV-11101

v.                                   UNITED STATES DISTRICT COURT JUDGE
                                         GERSHWIN A. DRAIN

JONATHAN HEMINGWAY,

    Respondent,
_____/

**OPINION AND ORDER: (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241; (2) DENYING AS MOOT THE MOTION FOR PERMISSION TO PROCEED WITH EMERGENCY HABEAS PETITION (ECF No. 2) AND THE EMERGENCY MOTION FOR EXPEDITED REVIEW (ECF No. 5); (3) DENYING THE EMERGENCY MOTION FOR BOND (ECF No. 5), AND (4) GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*** 

## I. Introduction

On May 10, 2023, Alpha Rashid Mshihiri, ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner seeks an order directing the Bureau of Prison (BOP) to release him to home confinement under the First Step Act. Petitioner also filed a motion for permission to proceed with an emergency petition, a motion for expedited review, and an emergency motion for bond on July 12, 2023. ECF No. 2 and No. 5. For the reasons stated below:

    (1) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED.**

1

(2) The motions for permission to file an emergency petition for writ of habeas corpus (ECF No. 2) and for expedited review (ECF No. 5) are **DENIED AS MOOT.** The motion for bond (ECF No. 5) is **DENIED.**

## I. Background

Petitioner was convicted by a jury in the United States District Court for the District of Minnesota of one count of conspiracy to commit bank fraud, three counts of bank fraud, one count of mail fraud, and one count of wire fraud. Petitioner was sentenced to 150 months incarceration.

Petitioner has sought release to home confinement under the First Step Act. The Bureau of Prisons (BOP) denied his request. Petitioner has not exhausted his administrative appeals, claiming that it would be futile to do so because he has only 180 days left on his sentence. Petitioner seeks a writ of habeas corpus, directing the BOP to release him to home confinement.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to

federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted).  Because the instant petition is facially insufficient, the petition is subject to summary dismissal. *Id.*

As an initial matter, petitioner acknowledges that he failed to exhaust his administrative remedies prior to filing the petition, claiming that it would be futile to do so. See ECF No. 1, PageID.3  A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F. 3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  The failure to exhaust administrative remedies, however, is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F. 3d at 466.   Although petitioner admits that he failed to exhaust his administrative remedies, this Court declines to dismiss on this basis because this is an affirmative defense that must be raised by respondent.

More importantly, this Court has no authority to order that petitioner be released to home confinement under the First Step Act.  Under 18 U.S.C. § 3621(b),

3

the Bureau of Prisons, not the judiciary, "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The petitioner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to…home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016). Additionally, this Court lacks authority to grant relief under the First Step Act because the petitioner was sentenced by a judge in another federal district. *Price v. Hemingway*, No. 20-13102, 2020 WL 8484732, at * 1 (E.D. Mich. Dec. 14, 2020). "A motion for a sentence reduction under the First Step Act must be filed with the court that imposed the actual sentence and not by filing a petition for writ of habeas corpus with the court in the district of incarceration." *Tennille v. Terris*, No. 19-12632, 2019 WL 4597480, at * 3 (E.D. Mich. Sept. 23, 2019) (collecting cases). The petition shall be dismissed.

In light of the fact that the petition is being denied, petitioner's motion for permission to file an emergency habeas petition and the motion to expedite the petition are now moot. *See Burger v. Prelesnik,* 826 F. Supp. 2d 997, 1016 (E.D. Mich. 2011). Petitioner's motion for bond is denied, because he failed to establish that his claims have merit. *See e.g. Greenup v. Snyder,* 57 F. App'x 620, 621-22 (6th Cir. 2003).

### III. Conclusion

**IT IS ORDERED** that:

4

(3) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.**

(4) The motions for permission to file an emergency petition for writ of habeas corpus (ECF No. 2) and for expedited review (ECF No. 5) are **DENIED AS MOOT.** The motion for bond (ECF No. 5) is **DENIED.**

(5) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

(6) Petitioner is **GRANTED** leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: August 22, 2023                 /s/ GERSHWIN A. DRAIN
                                       United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 22, 2023, by electronic and/or ordinary mail.

                                       s/ Teresa McGovern
                                       Case Manager